including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees exclusively for such religious, charitable, scientific, literary, or educational purposes. This deduction shall be made in case of the estates of all decedents who have died since December 31, 1917.

At the hearing it was admitted by counsel for the taxpayer that the courts of Pennsylvania had always interpreted section 8312 of the Pennsylvania statutes, which is quoted in the findings of fact, to mean that charitable bequests made by will within 30 days of the death of the decedent were void. This admission of counsel for taxpayer is supported by a decision of the Supreme Court of Pennsylvania in *In re Arnold's Estate*, 249 Pa. 348; 94 Atl. 1076, where the court said:

> From the earliest interpretation of the statute to the present time, we have uniformly held, as the act declares, that estates devised or bequeathed contrary to its provisions are void. See *Price* v. *Maxwell*, 28 Pa. 23, 39; *Luffberry's App.*, 125 Pa. 513, 515, 17 Atl. 447; *Gray's Est.*, 147 Pa. 67, 23 Atl. 205; *Gregg's Est.*, 213 Pa. 260, 264, 62 Atl. 856; *Carson's Est.*, 241 Pa. 117, 88 Atl. 311; *Hegarty's App.*, 75 Pa. 503, 516.

From the foregoing it appears that the charitable bequests were null and void and that the charities therein named did not, in fact, receive anything from the decedent. The bequests being void, the heirs and next of kin received that which the charities would have received if the bequests had not been void. The heirs and next of kin received the bequests and it was through them, and not through the decedent, that the charities named in the will of the decedent received anything. Since the charitable bequests were null and void, they can not be recognized for the purpose of the deduction provided in section 403 (a) (3). The fact is that the decedent did not, under the laws of Pennsylvania, bequeath anything to the charities named in the will. His effort to do so proved futile by virtue of the statute. The fact that his heirs conveyed to the charities does not entitle the estate to the deduction.

---

APPEAL OF LANCASTER TRUST CO., EXECUTOR OF ESTATE OF FRANK JANSON.

Docket No. 4525.   Submitted October 28, 1925.   Decided January 12, 1926.

*K. L. Shirk, Esq.*, for the taxpayer.
*John F. Greaney, Esq.*, for the Commissioner.

Before PHILLIPS and TRAMMELL.

This is an appeal from the determination of a deficiency in estate tax in the amount of $1,627.49 for 1923.

### FINDINGS OF FACT.

Frank Janson, a resident of Pennsylvania, made his last will and testament on February 6, 1923, in which, after providing for specific legacies, he made certain bequests for charitable and public purposes.

Section 8312 of the Pennsylvania statutes provides as follows:

No estate, real or personal, shall hereafter be bequeathed, devised or conveyed to any body politic, or to any person, in trust for religious or charitable uses, except the same be done by deed or will, attested by two credible, and, at the time, disinterested witnesses, at least thirty days before the decease of the testator, and all dispositions of property contrary thereto, shall be void and go to the residuary legatee or devisee, heirs or next of kin, according to law.

Janson died of influenza within 30 days after making his will. Immediately upon the reading of the will after the burial of the decedent, his heirs and next of kin joined in a release of the residuary estate to the charities of any and all interest which they acquired in the fund by virtue of the operation of the statutes of Pennsylvania with respect to charitable bequests made by will within 30 days of the death of the decedent.

The fund bequeathed to the charities was actually received by such charities after execution of the release signed by the heirs and next of kin of the decedent. The order executed by the Orphans' Court of Lancaster County, Pa., in so far as it is pertinent, is as follows:

Frank Janson died testate on the eighteenth day of February, 1923. A printed copy of his will is hereto attached and should now be read.

As he died less than thirty days after the execution of his will, charitable bequests therein provided for are void. The following are his heirs and next of kin:

1. Joseph Janson, a brother.
2. The children of Katherine Janson Kasel, a deceased sister.
   a. Frank V. Kasel.
   b. Edmund J. Kasel.
   c. William C. Kasel.
   d. Gertrude M. Kasel.
   e. Katherine A. Kasel.
   f. Mary Weisser.
3. The children of Martha Janson Becker, a deceased sister.
   a. Martha Becker.
   b. Mary Becker.
   c. Serena B. Nikolaus.

By an instrument dated March 19, 1923, these heirs and next of kin have assigned their inherited interest in the estate of the testator to The Lancaster Trust Company of Lancaster, Pennsylvania, trustee, in conformity with the trusts and uses intended to be created by the testator.

In addition to the heirs and next of kin named, a brother, Valentine Janson, survived the testator and died testate March 30, 1923.

DECISION.

The determination of the Commissioner is approved. *Appeal of Estate of Valentine Janson*, 3 B. T. A. 296.

---

APPEAL OF HAROLD MORTENSON.

Docket No. 506.    Submitted June 8, 1925.    Decided January 14, 1926.

Expense of premiums on an insurance policy taken out by a stockholder on a vessel, practically the sole asset of the corporation, in order to protect his investment, is an ordinary and necessary expense.

*Herbert E. Hall, Esq.*, and *A. Porter Robinson, C. P. A.*, for the taxpayer.

*W. Frank Gibbs, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This appeal involves the determination of a deficiency in income tax for 1920 in the amount of $144. The deficiency arises from the action of the Commissioner in disallowing a deduction for that year of an amount paid out by the taxpayer for marine insurance on a steamship which was owned by the Redwood Steamship Co., a corporation of which the taxpayer was a stockholder.

FINDINGS OF FACT.

The facts were stipulated as follows:

The taxpayer in 1920 owned 224 shares, or 28 per cent, of the outstanding capital stock of the Redwood Steamship Co., a corporation organized and existing under the laws of California.

In 1920 the Redwood Steamship Co. owned the steamship *Katherine* and had no other capital assets. The cost of the steamship, as evidenced by the books of the corporation, was $86,715.02. The corporation in 1920 carried no marine insurance on the said vessel. During that year the taxpayer received from the said steamship company dividends in the amount of $6,944, which were properly included in his income-tax return for that year.

During 1920 the taxpayer personally carried $15,000 marine insurance on the said steamship to protect whatever interest he had therein, as evidenced by his 28 per cent ownership of the capital stock of the Redwood Steamship Co., and during that year paid premiums on the said insurance amounting to $900. The taxpayer deducted this amount in determining his net income for 1920. It was disallowed by the Commissioner.